UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PAUL BURRITT,

        Plaintiff,

vs.

LISA DITLEFSEN, and
POLK COUNTY,

        Defendants.

12-cv-909-slc

## RULE 26(f) DISCOVERY PLAN AND JOINT PRETRIAL REPORT

NOW COME the Plaintiff, Paul Buritt, and Defendants, Lisa Ditlefsen and Polk County, by their undersigned attorneys, and pursuant to Rule 26(f), Federal Rules of Civil Procedure, and the Court's Standing Order Governing Preliminary Pretrial Conferences, submit the parties' Rule 26(f) Discovery Plan and Joint Pretrial Report.

Pursuant to Rule 26(f), counsel for the parties conferred telephonically on February 1, 2013, and discussed those matters set forth in Rule 26, Federal Rules of Civil Procedure, and the Court's Preliminary Pretrial Conference Order. Plaintiff was represented by Attorney Peter Nickitas and Defendants were represented by Attorney Gesina M. Seiler.

1.     <u>Nature of the Case</u>.  In their Complaint, Plaintiff alleges that Defendants violated various constitutional rights held by Plaintiff relating to an arrest and subsequent confinement in Polk County Jail.  Defendants answered the Complaint denying Plaintiff's claims and asserting numerous affirmative defenses.

2.     <u>Related Cases</u>.  Plaintiff has filed a related civil case in Rusk County Circuit Court, Wisconsin, Case No. 12-CV-212 against the child and her mother.

3. <u>Material Factual and Legal Issues</u>.

    A. Whether Defendants violated Plaintiff's constitutional rights relating to his arrest and subsequent confinement in Polk County Jail?

    B. Whether Plaintiff has proved common law claims against Defendant Ditlefsen.

    C. What damages, if any, Plaintiff is entitled to recover for any proven violations of law.

4. <u>Simplification of Issues</u>.  The parties will work cooperatively to simplify issues.

5. <u>Admissions and/or Stipulations</u>.  The parties will work cooperatively to make appropriate stipulations regarding authenticity of documents and any undisputed facts in order to avoid unnecessary proof.

6. <u>Advanced Rulings From The Court</u>.  The parties will bring to the Court's attention at the earliest possible time any issues relating to admissibility of evidence on which an advanced ruling would be helpful.

7. <u>Limitations of Testimony Under Rule 702</u>.  The parties, at this time, are not aware of the need to limit the use of testimony under Rule 702, Federal Rules of Evidence.

8. <u>Additional Parties</u>.  At this time, the parties do not anticipate adding any additional parties.

9. <u>Amendment of Pleadings</u>.  At this time, the parties do not anticipate the need to amend their pleadings.

10. <u>Length of Trial</u>.  The parties believe this case, if necessary, will take at least five (5) days on liability and damages, with the trial time divided equally between the parties.

11. <u>Initial Disclosures</u>.  The parties will make those required Rule 26(a)(1) Pretrial Disclosures within twenty-eight (28) days after the Court's preliminary pretrial conference. Counsel for the parties will supplement their initial disclosures pursuant to Rule 26(e), Federal Rules of Civil Procedure.

12. <u>Discovery and Discovery Limitation</u>.  The parties may need to conduct discovery on any matter within the scope of discovery under Rule 26(b).  Discovery does not need to be conducted in phases or limited to or focused on particular issues.  The parties will complete discovery by the deadline set by the Court.  At this time, the parties agree that the discovery limitations set forth in the Federal Rules of Civil Procedure shall apply to this proceeding; however, in the event either party needs to conduct in excess of ten (10) depositions, the parties will work cooperatively to try to resolve the issue without Court involvement.  The parties are not currently aware of any issues about disclosure or discovery of electronically stored information or the form or forms in which such information should be produced.  As of now, the parties expect that electronically stored information covered by disclosure requirements or by discovery sought by a party will be produced in the form of hard copies.

13. <u>Privilege/Confidentiality Issues</u>.  There are numerous juvenile records in this case. The parties anticipate that there will need to be some protection for trial preparation materials.

14. <u>Trial</u>.  The parties believe this matter will be ready for trial twelve (12) months from the Preliminary Pretrial Conference.

15. <u>Trial Witnesses and Exhibits</u>.  Disclosure of all witnesses and exhibits for trial shall be completed as provided by Rule 26(a)(3) and this Court's Preliminary Pretrial Conference Order.

16.     Expert Witnesses.  Disclosure of expert witnesses shall be pursuant to the Court's Preliminary Pretrial Conference Order.

17.     Settlement Discussions.  Settlement has not been discussed.  The parties will utilize available alternative dispute resolution procedures if the parties deem it appropriate in an effort to resolve the present dispute.

18.     Copies of all written discovery requests and proposed findings of fact shall be provided to counsel of record by e-mail.

Dated this 1st day of February, 2013.

        s/ Peter J. Nickitas
        Peter J. Nickitas, State Bar No.:  01001612
        Peter J. Nickitas Law Office, LLC
        431 S. 7th Street, Suite 2446
        Post Office Box 15221
        Minneapolis, MN 55415-0221
        Telephone:     651.238.3445
        Fax:                888.389.7890
        E-mail:           peterjnickitaslawllc@gmail.com

Dated this 1st day of February, 2013.

        s/ Gesina M. Seiler
        Lori M. Lubinsky, State Bar No. 1027575
        Gesina M. Seiler, State Bar No. 1055162
        Attorneys for Defendants
        AXLEY BRYNELSON, LLP
        Post Office Box 1767
        Madison, WI  53701-1767
        Telephone: 608.257.5661
        Fax: 608.257.5444
        E-mail: llubinsky@axley.com
                gseiler@axley.com

F:\EAFDATA\2961\69881\01174951.RTF